TEESDALE, Appellant, v. NATIONAL NON-PARTISAN LEAGUE, et al., Respondents.

(183 N. W. 993.)

(File No. 4858.   Opinion filed July 16, 1921.)

Appeal—Trial—Cause on Calendar—Defendants' Attorney's Diligence Re Preparation, Plaintiff's Representing Case Not Reachable Soon, Ex-parte Trial in Defendants' Absence—Order Reopening Judgment—Affidavits Calling for Judicial Discretion—Non-abuse of Discretion.

Where, a cause being on trial calendar at regular term, defendants' attorney communicated by telegram with plaintiff, being informed that plaintiff did not think case would be reached for two weeks, plaintiff later writing him to same effect, defendants' attorney replying requesting telegram as to when case would be tried; the cause some two days later having been tried in absence of defendants and their attorneys, resulting in judgment for plaintiff; held, on appeal from order vacating judgment, that, defendants' affidavits being amply sufficient to call into action judicial discretion, which discretion was not abused, the order is affirmed.

Appeal from Circuit Court, Brown County.   Hon. FRANK ANDERSON, Judge.

Action by Seth Teesdale, against the National Non-partisan League, an association of persons so known and styled and transacting business as a political organization, and others.   From an order vacating and setting aside a judgment for plaintiff, plaintiff appeals.   Affirmed.

*Seth Teesdale,* Appellant, pro se.

*O. S. Hagen,* and *W. J. Elwood,* for Respondents.

McCOY, J.   This is an appeal from an order vacating and setting aside judgment of the lower court.   It appears that this action was upon the trial calendar at the October, 1920, term of the circuit court for Brown county, and was set on the peremp-

tory call of the calendar as Civil Case No. 4; that the attorney for defendant resided at Huron, Beadle county; that the attorney for defendant was notified by the clerk of the circuit court that said cause would probably be tried about October 12th; that defendant's attorney, October 8th, took up over the telephone the matter of the time of the trial of said cause with plaintiff, who informed said attorney for defendant that by reason of the condition of the criminal calendar he did not think the case would be reached for two weeks, and plaintiff also on October 8th by letter wrote attorney for defendant that he did not believe the cause would be reached for trial for two weeks; that said attorney for defendant then wrote plaintiff, requesting him to wire him (attorney for defendant) as to the time when said case would be tried; that on the 12th day of October said cause was reached for trial before a jury, and evidence submitted by plaintiff, and a verdict rendered in favor of plaintiff, all in the absence of the defendants and their attorneys; and thereafter, on the said 12th day of October, 1920, judgment was rendered and entered on said verdict. Thereafter, on the 21st day of October, 1920, defendants procured an order to show cause why said judgment should not be vacated and set aside on the ground that the defendants had been misled as to the time when said case would be called for trial, and for that reason alone were not present at the time said case was tried. Many affidavits were submitted concerning the facts relative to the default and failure of the defendants to be present at said trial. This appeal is from the order of the trial court vacating said judgment and in effect granting a new trial.

[1]   It will serve no useful purpose to fully state herein all the evidentiary facts appearing before the court on the hearing of said application. We are of the opinion that under the circumstances shown the trial court was not guilty of an abuse of judicial discretion in granting the motion. The affidavits presented by defendants on said order to show cause were amply sufficient to call into action the judicial discretion of the trial court.

[2]   There have been so many decisions in this state holding that where a new trial is granted and a judgment vacated by the trial court the action of the trial court will not be disturbed unless it clearly appears that the trial court was guilty of an abuse

of judicial discretion, it will serve no useful purpose to cite them. No such abuse of discretion appearing, the order appealed from is affirmed.